UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ANTONIO ANGLERO,                                        :

              Plaintiff,                          :

    - against -                                      :      **PETITION FOR REMOVAL**

VENICE ANGLERO,                                         :

             Defendant,                          :

    - against -                                      :

BUILDING SERVICE 32B-J BENEFIT FUND        :
and 10 WEST 66TH STREET CORP.                      :

         Third Party Defendants.         :
-----------------------------------------------------------------X

       Building Service 32B-J Benefit Fund ("Union"), by its attorneys Raab, Sturm & Goldman,

LLP, hereby files this Petition for Removal of the above captioned action to the United States

District Court for the Southern District of New York from the Supreme Court of the State of New

York, County of New York, where the action is now pending, as provided by Title 28 United States

Code, Chapter 89, and now states:

1.     Upon information and belief, the underlying action was commenced in or around the year

2002 in the Supreme Court of the State of New York, County of New York, as a matrimonial action

involving Antonio Anglero and Venice Anglero.

2.     On or about May 17, 2005, Justice Laura E. Drager, signed an order directing the Fund, in

what appears to be in the capacity of a third party defendant, to show cause, *inter alia*,

> "Why an Order should not be made and entered:
> a)   Directing that the Plaintiff [Antonio Anglero] the Employer and
> the Union [the Third Party Defendants herein] show proof that
> defendant is covered for health and medical benefits under the
> Building Service 32BJ Health Fund as the wife of the plaintiff, and

is covered thereunder *nunc pro tunc* to June 2, 2004, or in the alternative, directing that the defendant be forthwith enrolled in the union health plan *nunc pro tunc* to June 2, 2004, the date of entry of the original Judgment of Divorce in this action (the "Original Judgment"), and that the defendant be forthwith issues an insurance identification card reflecting coverage, upon the ground that the divorce was vacated upon the consent of the parties by Order of the Hon. Laura E. Drager dated March 18, 2005 and, as such, the defendant remains married to the plaintiff and is entitled to participation in the Union health plan since benefits were terminated by virtue of the now vacated Original Judgment; and

b)    Directing that the plaintiff, the Employer and the Union show proof that the child of the parties, Bianca Anglero is and has continually been covered for health and medical benefits under the Building Service 32BJ Health Fund; or in the alternative, directing that the defendant be forthwith enrolled in the union health plan *nunc pro tunc* to the date such benefits were improperly terminated;

(Copies of the Order to Show Cause and the papers upon which it based, are annexed hereto as Exhibit "A".)

3.    The action is one of a civil nature, seeking th Fund to cover an individual for medical insurance under the terms of the Fund''s benefit plan.

4.    The matter in dispute, to wit, whether a divorced spouse is covered for medical benefits from a medical plan governed by ERISA during the period of the divorce, is one in which the United States District Court has original jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et. seq., in that Plaintiff and Defendant seek to challenge the discretionary decision of a multi-employer trust fund.

5.    29 U.S.C. § 1132(a)(1)(B) deals with civil actions brought "to recover benefits due to [a participant or beneficiary] under the terms of his [or her] plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." Whether Defendant was a beneficiary or to the extent she was a beneficiary, the question raised by the Order to Show Cause, falls under federal law.

6.     The Fund is an "employee benefit plan" established under Section 302(c)(5) of the LMRA, 29 U.S.C. 186(c)(5), within the meanings of Section 3(2), and 3(3), and 502(d)(1) of the ERISA, 29 U.S.C. 1002(2), 1003(3) and 1132(d)(1). The principal place where the Fund is administered is at 101 Avenue of the Americas, New York, New York.

7.     The time to answer in this proceeding has not yet expired.

8.     Respondents will give written notice to the Plaintiff and Defendant of the filing of this notice of removal as required by 28 U.S.C. § 1446(d).

9.     Upon information and belief, 10 West 66th Street Corp., the other named Third Party Defendant, is a nominal defendant, having no say whatsoever in the coverage provided by the Fund. This notwithstanding, the Fund asserts that the nominal defendant has advised that it consents to the removal and joins in same.

10.     A copy of this notice of removal will be filed with the Clerk of the Supreme court of the State of New York, County of New York as required by 28 U.S.C. § 1446(d).

WHEREFORE, Respondents pray for the removal of the above-captioned action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated: New York, New York
       June 8, 2005

RAAB, STURM & GOLDMAN, LLP


By:     _____
        Ira A. Sturm (IS-2042)
        *Attorneys for Building Service 32B-J*
        *Benefit Funds*
        330 Madison Avenue, Suite 2010
        New York, New York 10017
        Tel: (212) 683-6699