UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ANTONIO ANGLERO

                **Plaintiff,**

    -against-                                       **OPINION & ORDER**

VENICE ANGLERO,                        **05CV5422**

                **Defendant**

    -against-

BUILDING SERVICES 32B-J BENEFIT FUND

and 10 WEST 66th STREET CORP.,

                **Third Party Defendants.**

------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge[*]:**

      Third Party Defendant, Building Service 32 B-J Benefit Fund ("Benefit Fund") moves for Summary Judgment against Venice Anglero ("Ms. Anglero"). For the following reasons the motion is GRANTED.

## I.    BACKGROUND

      On June 2, 2004, a judgment of divorce was entered on behalf of Plaintiff, Antonio Anglero ("Mr. Anglero") and Defendant, Venice Anglero ("Ms. Anglero") in Supreme Court of the State of New York, New York County. For reasons not pertinent here, Justice Drager vacated that Judgment on March 18, 2005. On May 17, 2005, Ms. Anglero moved by Order to Show Cause for a determination that Mr. Anglero's Benefit Fund cover her pursuant to the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 28 U.S.C. §§ 1161-1168, for the period of time between the entry of the original judgment of divorce on June 2, 2004 through March 18, 2005 as well as the period after the judgment was vacated on March 18, 2005 to the present; and that her daughter, Bianca, be entitled to continued medical benefits despite the Angleros' divorce.

---

[*] Priti R. Vakharia, a fall 2005 intern in my chambers, and currently a second year law student at New York Law School, provided substantial assistance in the research and drafting of this Opinion.

1

Ms. Anglero contends that following her divorce, she did not receive notice of her continuing coverage rights under COBRA. She also claims that she was denied medical coverage and that employees of the Benefit Fund told her that divorced spouses were not entitled to COBRA benefits. The Benefit Fund's records show that Ms. Anglero's daughter, Bianca, was and continues to be covered under Mr. Anglero's policy and that no break in coverage occurred. The Benefit Fund also contends that Ms. Anglero's COBRA notice was first sent on July 2, 2004, and a second notice was sent on November 16, 2004. The Benefit Fund received a check from her for one month's premium on November 24, 2004 and credited Ms. Anglero as covered for the month of December 2004. The Benefit Fund claims not to have received any further premiums.

On June 8, 2005, the Benefit Fund removed this action to federal court pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et. seq., 29 U.S.C. § 1132 (e), which confers federal jurisdiction over ERISA claims, and filed a motion for summary judgment. After a pre-trial conference on September 1, 2005, I remanded the divorce action to the Supreme Court of the State of New York, New York County, and retained jurisdiction over the ERISA claims.

## II. DISCUSSION

A court will not grant a motion for summary judgment unless it determines that there is no genuine issue of material fact and the undisputed facts are sufficient to warrant judgment as a matter of law. Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, 250 (1986). To determine whether there is a genuine issue of material fact, the Court must resolve all ambiguities, and draw all inferences, against the moving party, in this case the Benefit Fund. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).

ERISA requires insurance plan administrators to include a claims procedure in their policy documents. Greifenberger v. Hartford Life Insurance Co., 2003 U.S. Dist. Lexis 22810 at *11 (S.D.N.Y. December 16, 2003). That procedure must include "reasonable opportunity for a full and fair review after denial of a claim." Greifenberger v. Hartford Life Insurance Co., 2003 U.S. Dist. Lexis 22810 at *12 (S.D.N.Y. December

16, 2003) (quoting 29 U.S.C. § 1133 (2)) (citation omitted). Exhaustion of these administrative remedies is a prerequisite to suit in federal court. Id. This is so even if the beneficiary is ignorant of the insurance plan's proper claims procedure. Davenport v. Harry N. Abrams, Inc., 249 F.3d 130, 134 (2d Cir. 2001).

In this case, the Benefit Fund has a Summary Plan Description ("SPD") which sets forth the procedure for making a claim under the Fund's plan. (SPD 49-54). Exhaustion of administrative procedures with in the Fund is a condition precedent to suit in the District Court. First, the beneficiary must request coverage for a particular claim. (SPD 48-49). The Benefit Fund then reviews the request and makes a determination as to whether the claim is covered under the policy. (SPD 48-49). If a claim is denied, the beneficiary may appeal within 180 business days from the first notice of an adverse determination. (SPD 51-54).

Despite the issues surrounding the Benefit Fund's employees and their apparent unwillingness to help Ms. Anglero when she first attempted to exercise her COBRA rights, it appears that she has not exhausted her administrative remedies. The Benefit Fund argues and Ms. Anglero does not deny that she has not followed the appeals procedure set forth in the SPD. Under the Plan, Ms. Anglero must first make a claim and be denied by the Fund. Thereafter, she may appeal the denial and if the Fund maintains its position then she would have exhausted her administrative remedies and may bring suit in federal court to determine coverage. She failed to appeal any alleged denials of coverage to the Benefit Fund. Unfortunately, until she does, we cannot reach issues of eligibility.

### III. CONCLUSION

For the reasons stated above, Building Services 32-J Benefit Fund's motion for Summary Judgment is GRANTED. The Clerk of the Court is directed to close this motion and remove this case from my docket.

**SO ORDERED.**
New York, New York
December __, 2005

U.S.D.J.

3